UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID KISSI, )
)
      Plaintiff, )
)
v. ) Civil Action No. 09-1377
)
THOMAS SIMMONS, *et al.*, )
)
      Defendants. )

## MEMORANDUM OPINION

This matter is before the Court upon plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and will dismiss the complaint.

It appears that plaintiff brings this action under the Federal Tort Claims Act ("FTCA") and seeks compensation for the alleged taking of his assets in violation of his right to due process, his civil rights, and two criminal statutes, 18 U.S.C. §§ 242, 245.

Plaintiff's claims under the FTCA fail for three reasons. First, the proper defendant to an action under the FTCA is the United States of America, *see* 28 U.S.C. § 2679(a), and the complaint fails to name the proper defendant, *see, e.g., Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990) (dismissing FTCA claim against Secretary of Labor in her official capacity for lack of subject matter jurisdiction). Second, it does not appear that plaintiff has exhausted his administrative remedies prior to the filing of this action by submitting his claim to each appropriate federal agency. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993). Third, even if these defects were cured, the FTCA does not waive the United States'

sovereign immunity with respect to constitutional torts. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. at 478; *Zakiya v. United States*, 267 F. Supp. 2d 47, 56 (D.D.C. 2003).

To the extent that plaintiff demands damages for defendants' alleged violations of criminal statutes, he is not entitled to such relief. There is no private right of action under the criminal statutes on which he relies. *See Keyter v. Bush*, No. 04-5324, 2005 WL 375623, at *1 (D.C. Cir. Feb 16, 2005) (per curiam) (affirming dismissal of claims "pursuant to 18 U.S.C. §§ 4, 241, and 242, because, as criminal statutes, these statutes do not convey a private right of action"), *cert. denied*, 546 U.S. 875 (2005); *Pope v. Thornburgh*, 978 F.2d 744 (D.C. Cir. 1992) (per curiam) (affirming dismissal of claims under 18 U.S.C. §§ 241, 242, 245 because no private right of action exists under those statutes); *Brown v. Flying J, Inc.*, No. 1:08-cv-059, 2009 WL 2516202, at *4 (D.N.D. Aug. 14, 2009) (concluding that "18 U.S.C. § 245 is a criminal statute that makes it a crime, enforceable by the Department of Justice, for a person to interfere with another person's ability to apply for or enjoy employment because of the applicant's race, color, religion, or national origin . . . [and it] does not create a private right of action"); *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (dismissing claims brought pursuant to 18 U.S.C. §§ 242, 371 "because, as criminal statutes, they do not convey a private right of action").

Plaintiff is no more successful insofar as he demands damages in this civil rights action arising from his criminal conviction and resulting confinement. He may be awarded such damages only if he first establishes that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *accord White v. Bowie*, 194 F.3d 175

(D.C. Cir. 1999) (table). Plaintiff does not satisfied the prerequisite and therefore fails to state a claim.

Accordingly, the Court will dismiss the complaint because it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). An Order consistent with this Memorandum Opinion will be issued on this same date.

_____
United States District Judge

DATE: 10/15/09